Dear Mr. Seek:
This letter is in response to your questions asking:
 1. May the one-fifth portion of the special road and bridge fund collected and paid upon property lying and being within a special road district but not required to be distributed to such special road district under Sections 137.555 and 233.195, RSMo, never-the-less be paid directly to the credit of such district as is the other four-fifths of the fund collected on said property?
 (a) If not, may the county Commission expend the one-fifth retained pursuant to said sections for repair, construction or maintenance of a bridge within such district?
 (b) If so, may more than one-fifth, i.e. a portion of the fund collected on property not within a special road district, be also expended upon a bridge in a special road district?
 2. Do the provisions of Sections 234.010
through 234.040, RSMo apply to bridges within a special road district formed in a manner other than under Section 231.010, RSMo and specifically to a special road district formed under the provisions of:
 (a) Sections 233.010 through 233.165, RSMo?
 (b) Sections 233.170 through 233.315, RSMo?
Section 137.555, RSMo 1978, states:
 In addition to other levies authorized by law, the county court in counties not adopting an alternative form of government and the proper administrative body in counties adopting an alternative form of government in their discretion may levy an additional tax, not exceeding thirty-five cents on each one hundred dollars assessed valuation, all of such tax to be collected and turned into the county treasury, where it shall be known and designated as "The Special Road and Bridge Fund" to be used for road and bridge purposes and for no other purpose whatever; provided, however, that all that part or portion of said tax which shall arise from and be collected and paid upon any property lying and being within any special road district shall be paid into the county treasury and four-fifths of such part or portion of said tax so arising from and collected and paid upon any property lying and being within any such special road district shall be placed to the credit of such special road district from which it arose and shall be paid out to such special road district upon warrants of the county court, in favor of the commissioners or treasurer of the district as the case may be; provided further, that the part of said special road and bridge tax arising from and paid upon property not situated in any special road district and the one-fifth part retained in the county treasury may, in the discretion of the county court be used in improving or repairing any street in any incorporated city or village in the county, if said street shall form a part of a continuous highway of said county leading through such city or village. [Emphasis added.]
Section 233.195.1, RSMo 1978, states:
 1. County courts shall cause to be set aside and placed to the credit of each road district so incorporated four-fifths of such part or portion of the tax arising from and collected and paid upon any property lying and being within any such district, by authority of section 137.555, RSMo. All revenue so set aside and placed to the credit of any such incorporated district shall be used by the commissioners thereof for constructing, repairing and maintaining bridges and culverts within the district, and working, repairing, maintaining and dragging public roads within the district and paying legitimate administrative expenses of the district, and for such other purposes as may be authorized by law.
In Opinion Letter No. 8-84 and Opinion Letter No. 99, Morrison, 1981, copies enclosed, this office considered the above statutes and concluded that counties may not grant the one-fifth portion of its Section 137.555 monies to special road districts. Thus, the answer to the first questions is "no".
The second question presented is whether a county may expend the one-fifth portion of its Section 137.555 monies on bridges in a special road district.
Section 50.550, RSMo 1978, states in part: "The [county] budget shall contain adequate provisions for the expenditures necessary . . . for the repair and upkeep of bridges other than on state highways and not in any special road district, . . .".
In Opinion No. 36, Parish, 1968, copy enclosed, this office concluded that, despite certain language in Section 233.115, RSMo 1959, the predecessor of Section 50.550, RSMo 1978, prohibited the expenditure of county funds on bridges in special road districts. The answer to the second question presented is "no".
The third question asks whether Sections 234.010 to 234.040, RSMo 1978, apply to eight-mile square special road districts, Sections 233.010 to 233.165, RSMo 1978, or to nontownship county special road districts, Sections 233.170 to 233.315, RSMo 1978 and Supp. 1984.
In Opinion No. 35, Simcoe, 1964, copy enclosed, this office concluded that Sections 234.010 to 234.020, RSMo 1959, did not apply to special road districts that are corporate entities independent of the counties but only to the general county road districts provided for in Section 231.010, RSMo 1959.
Both the eight-mile square and nontownship county special road districts are independent corporate bodies. See Sections233.025 and 233.170.1, RSMo 1978. Accordingly, Sections 234.010
to 234.040, RSMo 1978, do not apply to eight-mile square or nontownship county special road districts.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures:
 Opinion No. 35, Simcoe, 1964 Opinion No. 36, Parish, 1968 Opinion Letter No. 99, Morrison, 1981 Opinion Letter No. 8, Birch, 1984